ERIC A. NYBERG, ESQ. (Bar No. 131105)
KORNFIELD, PAUL & NYBERG, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for John T. Kendall,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>**OPSYS U.S. CORPORATION,**<br><br>Debtor. | **Case No. 03-42660 LT**<br>**Chapter 7**<br><br>**MOTION FOR ORDER APPROVING**<br>**COMPROMISE OF CONTROVERSY**<br>**AND OPPORTUNITY FOR OBJECTIONS** |

John T. Kendall, Chapter 7 Trustee of the bankruptcy estate of Opsys U.S. Corporation (the "Trustee") hereby moves the court for an order approving a compromise of controversy entered into between the Trustee and Sunnyside Development Company, LLC ("Sunnyside"). The grounds for the motion are set forth below.

Sunnyside was the landlord of the Debtor for the Debtor's former business premises located at 47375 Fremont Boulevard, Fremont, California (the "Premises").

The Trustee and Sunnyside previously entered into a settlement agreement which was approved by this court on January 26, 2004 (the "Settlement Agreement") to settle certain disputes between Sunnyside and the Trustee regarding Hazardous Materials located on the Premises, the clean up of Hazardous Materials on the Premises and Sunnyside's asserted right to an administrative claim in the bankruptcy case.

Motion for Order Approving Compromise of Controversy and
Opportunity for Objections

Pursuant to the terms of the Settlement Agreement, the parties agreed that if either party obtained reimbursement for payments made for the removal and/or remediation of Hazardous Materials from the Premises, the parties would share in the proceeds of such reimbursement pro rata, based upon the amount that each party actually paid towards the removal and/or remediation of Hazardous Materials from the Premises. Further, pursuant to the terms of the Settlement Agreement, Sunnyside retained the right to file a general unsecured claim in the bankruptcy case.

Sunnyside filed a general unsecured proof of claim in the bankruptcy case in the amount of $1,906,657.10.

Pursuant to the terms of the Settlement Agreement, the Trustee estimates that Sunnyside is entitled to a payment of $2,619.50 from the bankruptcy estate.

Sunnyside is currently prosecuting a claim against its insurance company relating to the cost of removing the Hazardous Materials from the Premises. Pursuant to the Settlement Agreement, if Sunnyside is successful in obtaining a recovery from the insurance company, the bankruptcy estate would be entitled to a reimbursement claim against Sunnyside. However, the estate's right to possible reimbursement from Sunnyside under the Settlement Agreement is highly contingent, uncertain and is preventing the Trustee from closing the Opsys bankruptcy case and disbursing the remaining assets to the creditors.

The Trustee and Sunnyside have entered into an amendment to the Settlement Agreement ("Amendment") whereby Sunnyside has agree to withdraw and release its unsecured proof of claim against the estate and has agreed to waive its right to any reimbursement from the estate pursuant to the Settlement Agreement, including the $2,619.50 which is owing to it under the Settlement Agreement. In exchange, the Trustee has agreed that the estate will waive any right to reimbursement from

Motion for Order Approving Compromise of Controversy and
Opportunity for Objections                    -2-                    J:\OPSys.001\Motion-Compromise.wpd
                                                                     2/12/07 1:11 pm

Case: 03-42660    Doc# 116    Filed: 02/12/07    Entered: 02/12/07 13:15:46    Page 2 of 4

Sunnyside arising out of any recovery that Sunnyside might receive on account of the action that it has filed against the insurance company.

The Trustee believes the settlement with Sunnyside, as set forth in the Amendment, is a fair and reasonable settlement and is in the best interest of the estate and its creditors. In deciding to settle, the Trustee has considered the relevant factors as set forth in the case In re A&C Properties, Inc., 784 F.2d 1377, 1381 (9th Cir. 1986) including, but not limited to, the amount in controversy, the strengths and weaknesses of the claims and defenses, the delay, cost and uncertainty of litigation and the best interest of creditors.

**WHEREFORE,** the Trustee respectfully requests that the court enter an order approving the compromise between the Trustee and Sunnyside and authorizing the Trustee to execute any and all documents necessary to effectuate the settlement, including the Amendment.

Dated: February 12, 2007        KORNFIELD, PAUL & NYBERG, P.C.

                                By: Eric A. Nyberg   /s/
                                    (Bar No. 131105)
                                    Attorneys for John T. Kendall, Chapter 7 Trustee

Motion for Order Approving Compromise of Controversy and Opportunity for Objections -3-   J:\OPSys.001\Motion-Compromise.wpd 2/12/07 1:11 pm

Case: 03-42660   Doc# 116   Filed: 02/12/07   Entered: 02/12/07 13:15:46   Page 3 of 4

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Paul & Nyberg, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 12, 2007, I served the following document(s):

**MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY AND OPPORTUNITY FOR OBJECTIONS**;

**DECLARATION OF JOHN T. KENDALL IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY AND OPPORTUNITY FOR OBJECTIONS**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

| | |
|---|---|
| U. S. Trustee<br>1301 Clay Street, Suite 690N<br>Oakland, CA 94612-5202 | Renee Watkins<br>Law Offices of Murray and Murray<br>19330 Stevens Creek Blvd. #100<br>Cupertino, CA 95014-2526 |
| Stephen T. O'Neill<br>Law Offices of Murray and Murray<br>19400 Stevens Creek Bl. #200<br>Cupertino, CA 95014-2548 | Alyson L. Huber, Esq.<br>Bartko, Zankel, Tarrant & Miller<br>900 Front Street, Suite 300<br>San Francisco, CA 94111 |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of February, 2007 at Oakland, California.

Gail M. Aviles /s/